**P.R. 4-3 – Joint Claim Construction and Prehearing Statement**
**Appendix 1 – Parties' Proposed Construction for Claim Terms**

U.S. Patent No. 7,628,333

| Claim Term | Plaintiff's Construction and Evidence | Defendants' Construction and Evidence |
|---|---|---|
| Order of steps (claim 11) | Plain and ordinary meaning. No construction necessary because there is no particular order of steps recited or required except where expressly causally limited in the claim.<br><br>**Evidence**<br>Claim 11; Fig. 1; Fig. 3; 6:42-9:56; '294 Prosecution History, March 27, 2012 Amendment and Applicant Arguments, at p. 12; '294 Prosecution History, October 26, 2012 Amendment and Applicant Arguments, at p. 15.<br><br>G. Holdings may rely upon the testimony of its expert, Ravin Balakrishnan, Ph.D., to explain the technology, the state of the art, the meaning of the claim terms as they would be understood by a person of skill in the art, and the proper construction of various claim terms. G. Holdings may also rely on Dr. Balakrishnan to respond to Defendants' claim construction proposals or positions of the Defendants' expert(s) and/or witnesses. | Steps must be performed in the order written<br><br>**Intrinsic Evidence**<br>'333 Patent, Title;  Abstract; 1:9–11; 1:54–56; 1:61–2:2; 2:4–14; 2:43–45; 2:50–67; 3:6–13; 3:16–21; 3:28–49; 3:54–59; 5:5–32; 5:33–39; 6:4–26; 6:42–7:3; 7:4–14; 7:15–29; 7:41–43; 7:64–8:5; 8:24–31; 8:32–41; 8:42–50; 8:51–63; 9:4–11; 9:12–17; Claims 1, 10, 11; and 13.<br><br>'333 Patent File History, 6/16/2009 Non-Final Rejection including at 3–4; 7/21/2009 Notice of Allowance including at 4–5, 6–7.<br><br>**Extrinsic Evidence**<br>Random House Webster's Unabridged Dictionary (2nd Edition) (2001) including at 2093.<br><br>Webster's Third New International Dictionary, Unabridged (2002) including at 2517-18<br><br>Defendants may rely on Dr. Robert Akl to respond to Plaintiff's claim construction positions and any testimony of Plaintiff's expert witnesses |
| "a data conveyance switching element . . . . said switching element | No construction necessary.  Alternatively, "data conveyance switching element" means | Governed by 35 U.S.C. § 112(6) |

| Claim Term | Plaintiff's Construction and Evidence | Defendants' Construction and Evidence |
|---|---|---|
| being in an activated state upon an activation cue having been received by said data transceiver, and being in an inactive state when no activation cue was received by said data transceiver" (Claim 1) | "hardware connected to and/or software running on an electronic circuit that provides switching functionality to enter into a different state for conveying data." <br><br> Not governed by 35 U.S.C. § 112, ¶ 6. <br><br> To the extent the Court determines the phrase is governed by 35 U.S.C. § 112, ¶ 6: <br><br> Structure:  hardware connected to and/or software running on an electronic circuit <br><br> Function:  provides switching functionality to enter into a different state for conveying data <br><br> **Evidence** <br> Fig. 2; 6:4-26; 6:43-7:29; 8:24-31; 8:51-9:25; Amendment and Applicant Arguments, at p. 12; '294 Prosecution History, October 26, 2012 Amendment and Applicant Arguments, at p. 15 <br><br> G. Holdings may rely upon the testimony of its expert, Ravin Balakrishnan, Ph.D., to explain the technology, the state of the art, the meaning of the claim terms as they would be understood by a person of skill in the art, and the proper construction of various claim terms.  G. Holdings may also rely on Dr. Balakrishnan to respond to Defendants' claim | Indefinite due to absence of corresponding algorithm in the specification under 35 U.S.C. §§ 112(2), 112(6). <br><br> Function: being in an activated state upon an activation cue having been received by said data transceiver, and being in an inactive state when no activation cue was received by said data transceiver <br><br> Structure: a decisional logical circuit or a series of instructions programmed onto a microchip or a processor/general purpose computer/microcontroller <br><br> Algorithm: None <br><br> OR <br><br> "data conveyance switching element" shall be construed to mean "element that changes between two alternate data conveyance states" <br><br> **Intrinsic Evidence** <br> '333 Patent, FIGS. 1–3; 1:64–2:14; 2:28–34; 2:50–67; 3:28–31; 3:35–48; 3:54–59; 4:24–30; 6:4–17; 6:18–26; 6:42–51; 6:52–65; 7:24–29; 8:24–31; 8:51–63; 9:4–11; 9:12–25; Claims 1, 7, 8, 9, 10, 11, and 13. |

| Claim Term | Plaintiff's Construction and Evidence | Defendants' Construction and Evidence |
|---|---|---|
| | construction proposals or positions of the Defendants' expert(s) and/or witnesses. | '333 Patent File History, 6/16/2009 Non-Final Rejection including at 2–4; 7/21/2009 Notice of Allowance including at 6–7.<br><br>**Extrinsic Evidence**<br>Random House Webster's Unabridged Dictionary (2nd Edition) (2001) including at 1924<br><br>Webster's Third New International Dictionary, Unabridged (2002) including at 2313<br><br>McGraw-Hill Dictionary of Scientific and Technical Terms (6th Edition) (2003) including at 2083<br><br>Microsoft Internet & Networking Dictionary (2003) including at 246<br><br>Expert testimony from Dr. Robert Akl<br><br>Defendants may also rely on Dr. Robert Akl to respond to Plaintiff's claim construction positions and any testimony of Plaintiff's expert witnesses |
| "a switching element. . . being in a default inactive state. . . if an activation cue is received at one of said communication ports, changing | No construction necessary. Alternatively, "switching element" means "hardware connected to and/or software running on an electronic circuit that provides switching | Governed by 35 U.S.C. § 112(6) |

| Claim Term | Plaintiff's Construction and Evidence | Defendants' Construction and Evidence |
|---|---|---|
| the state of said switching element from its default inactive state to an activated state" (Claims 11 and 13) | functionality to enter into a different state for conveying data."<br><br>Not governed by 35 U.S.C. § 112, ¶ 6.<br><br>To the extent the Court determines the phrase is governed by 35 U.S.C. § 112, ¶ 6:<br><br>Structure:   hardware connected to and/or software running on an electronic circuit<br><br>Function:  provides switching functionality to enter into a different state for conveying data<br><br>**Evidence**<br>Fig. 2; 6:4-26; 6:43-7:29; 8:24-31; 8:51-9:25; '294 Prosecution History, March 27, 2012 Amendment and Applicant Arguments, at p. 12; '294 Prosecution History, October 26, 2012 Amendment and Applicant Arguments, at p. 15.<br><br>G. Holdings may rely upon the testimony of its expert, Ravin Balakrishnan, Ph.D., to explain the technology, the state of the art, the meaning of the claim terms as they would be understood by a person of skill in the art, and the proper construction of various claim terms.  G. Holdings may also rely on Dr. Balakrishnan to respond to Defendants' claim construction proposals or positions of the Defendants' expert(s) and/or witnesses. | Indefinite due to absence of corresponding algorithm in the specification under 35 U.S.C. §§ 112(2), 112(6).<br><br>Function: being in a default inactive state and, if an activation cue is received at one of said communication ports, changing the state of said switching element from its default inactive state to an activated state<br><br>Structure: a decisional logical circuit or a series of instructions programmed onto a microchip or a processor/general purpose computer/microcontroller<br><br>Algorithm: None<br><br>OR<br><br>"switching element" shall be construed to mean "element that changes between two alternate states"<br><br>**Intrinsic Evidence**<br>'333 Patent, FIGS. 1–3; 1:64–2:14; 2:28–34; 2:50–67; 3:28–31; 3:35–48; 3:54–59; 4:24–30; 6:4–17; 6:18–26; 6:42–51; 6:52–65; 7:24–29; 8:24–31; 8:51–63; 9:4–11; 9:12–25; Claims 1, 7, 8, 9, 10, 11, and 13.<br><br>'333 Patent File History, 6/16/2009 Non-Final Rejection including at 2–4; |

| Claim Term | Plaintiff's Construction and Evidence | Defendants' Construction and Evidence |
|---|---|---|
| | | 7/21/2009 Notice of Allowance including at 6–7.<br><br>**Extrinsic Evidence**<br>Random House Webster's Unabridged Dictionary (2nd Edition) (2001) including at 1924<br><br>Webster's Third New International Dictionary, Unabridged (2002) including at 2313<br><br>McGraw-Hill Dictionary of Scientific and Technical Terms (6th Edition) (2003) including at 2083<br><br>Microsoft Internet & Networking Dictionary (2003) including at 246<br><br>Expert testimony from Dr. Robert Akl<br><br>Defendants may also rely on Dr. Robert Akl to respond to Plaintiff's claim construction positions and any testimony of Plaintiff's expert witnesses |
| "data exchange device" (Claims 1 and 11) | No construction necessary.  Not governed by 35 U.S.C. § 112, ¶ 6.<br><br>To the extent the Court determines the phrase is governed by 35 U.S.C. § 112, ¶ 6:<br><br>Structure:  external data exchange device | Governed by 35 U.S.C. § 112(6)<br><br>Function: exchanging data<br><br>Structure: an electronic circuit and a data transceiver able to cooperate with a transceiver, including a portable electronic |

| Claim Term | Plaintiff's Construction and Evidence | Defendants' Construction and Evidence |
|---|---|---|
| | Function:  communicates with the portable electronic device and provide data upload and/or download<br><br>**Evidence**<br>Fig. 1; Fig. 3; 4:14-16; 5:44-6:3; 6:59-9:56; '294 Prosecution History, March 27, 2012 Amendment and Applicant Arguments, at p. 12; '294 Prosecution History, October 26, 2012 Amendment and Applicant Arguments, at p. 15.<br><br>G. Holdings may rely upon the testimony of its expert, Ravin Balakrishnan, Ph.D., to explain the technology, the state of the art, the meaning of the claim terms as they would be understood by a person of skill in the art, and the proper construction of various claim terms.  G. Holdings may also rely on Dr. Balakrishnan to respond to Defendants' claim construction proposals or positions of the Defendants' expert(s) and/or witnesses. | device, a computer, and an interface machine such as an automatic teller machine<br><br>OR<br><br>"data exchange device" shall be construed to mean "an apparatus that sends and receives data"<br><br>**Intrinsic Evidence**<br>'333 Patent, FIGS. 1–3; 1:64–2:14; 2:35–67; 3:22–48; 3:64–4:9; 4:14–18; 5:44–46; 5:47–54; 5:55–59; 5:64–6:4; 6:52–7:3; 7:4–13; 7:14–29; 7:35–41; 7:55–8:31; 8:42–50; 8:51–63; 8:65–9:3; 9:12–25; 9:26–56; Claims 1, 10, 11, and 12.<br><br>'333 Patent File History, 6/16/2009 Non-Final Rejection including at 3–4; 7/21/2009 Notice of Allowance including at 2, 6–7.<br><br>**Extrinsic Evidence**<br>Random House Webster's Unabridged Dictionary (2nd Edition) (2001) including at 675<br><br>Webster's Third New International Dictionary, Unabridged (2002) including at 792<br><br>Expert testimony from Dr. Robert Akl |

| Claim Term | Plaintiff's Construction and Evidence | Defendants' Construction and Evidence |
|---|---|---|
| | | Defendants may also rely on Dr. Robert Akl to respond to Plaintiff's claim construction positions and any testimony of Plaintiff's expert witnesses |
| "invariable activation command" (Claims 1 and 11) | "a state-dependent command that is issued in response to the control device input"<br><br>**Evidence**<br>5:5-39; 7:4-54; 8:32-63; '294 Prosecution History, March 27, 2012 Amendment and Applicant Arguments, at p. 12; '294 Prosecution History, October 26, 2012 Amendment and Applicant Arguments, at p. 15.<br><br>G. Holdings may rely upon the testimony of its expert, Ravin Balakrishnan, Ph.D., to explain the technology, the state of the art, the meaning of the claim terms as they would be understood by a person of skill in the art, and the proper construction of various claim terms.  G. Holdings may also rely on Dr. Balakrishnan to respond to Defendants' claim construction proposals or positions of the Defendants' expert(s) and/or witnesses. | "a command initiating one of two alternate data conveyance operations"<br><br>**Intrinsic Evidence**<br>'333 Patent, Title; Abstract; 1:9–11; 1:44–45; 1:54–56; 2:4–14; 2:43–45; 2:56–67; 3:6–8; 3:16–21; 3:39–49; 5:5–12; 5:33–39; 6:42–59; 7:4–14; 7:15–29; 7:41–54; 8:32–41; 8:42–63; Claims 1, 10, and 11<br><br>'333 Patent File History, 6/16/2009 Non-Final Rejection including at 3–4; 7/21/2009 Notice of Allowance including at 6–7.<br><br>**Extrinsic Evidence**<br>Random House Webster's Unabridged Dictionary (2nd Edition) (2001) including at 1003<br><br>Webster's Third New International Dictionary, Unabridged (2002) including at 1188<br><br>Defendants may rely on Dr. Robert Akl to respond to Plaintiff's claim construction positions and any testimony of Plaintiff's expert witnesses |

| Claim Term | Plaintiff's Construction and Evidence | Defendants' Construction and Evidence |
|---|---|---|
| "upon" (Claim 1) | Plain and ordinary meaning. No construction necessary.<br><br>**Evidence**<br>Fig. 1; Fig. 3; 6:42-9:56; ; '294 Prosecution History, March 27, 2012 Amendment and Applicant Arguments, at p. 12; '294 Prosecution History, October 26, 2012 Amendment and Applicant Arguments, at p. 15.<br><br>G. Holdings may rely upon the testimony of its expert, Ravin Balakrishnan, Ph.D., to explain the technology, the state of the art, the meaning of the claim terms as they would be understood by a person of skill in the art, and the proper construction of various claim terms.  G. Holdings may also rely on Dr. Balakrishnan to respond to Defendants' claim construction proposals or positions of the Defendants' expert(s) and/or witnesses. | Plain and ordinary meaning (*i.e.*, "when")<br><br>**Intrinsic Evidence**<br>'333 Patent, Title;  Abstract; 1:9–11; 1:54–56; 1:61–2:2; 2:4–14; 2:43–45; 2:50–67; 3:6–13; 3:16–21; 3:28–49; 3:54–59; 5:5–32; 5:33–39; 6:4–26; 6:42–7:3; 7:4–14; 7:15–29; 7:41–43; 7:64–8:5; 8:24–31; 8:32–41; 8:42–50; 8:51–63; 9:4–11; 9:12–17; Claims 1, 10, 11 and 13.<br><br>'333 Patent File History, 6/16/2009 Non-Final Rejection including at 3–4; 7/21/2009 Notice of Allowance including at 4–5, 6–7.<br><br>**Extrinsic Evidence**<br>Random House Webster's Unabridged Dictionary (2nd Edition) (2001) including at 2093<br><br>Webster's Third New International Dictionary, Unabridged (2002) including at 2517-18<br><br>Defendants may rely on Dr. Robert Akl to respond to Plaintiff's claim construction positions and any testimony of Plaintiff's expert witnesses |
| "wherein upon said control device being selectively triggered to issue | Plain and ordinary meaning. No construction necessary. | Plain and ordinary meaning, which requires that the data conveyance operation occurs |

| Claim Term | Plaintiff's Construction and Evidence | Defendants' Construction and Evidence |
|---|---|---|
| and [*sic*] invariable activation command:<br>if said switching element is in said activated state, a data exchange will be initiated through the instrumentality of said data transceiver for exchanging data between said electronic circuit and an external data exchange device;<br>if said switching element is in said inactive state, data will be conveyed from said electronic circuit to said user interface device for communicating information to the portable electronic device holder." (Claim 1) | **Evidence**<br>Fig. 2; 6:4-26; 6:43-7:29; 8:24-31; 8:51-9:25; '294 Prosecution History, March 27, 2012 Amendment and Applicant Arguments, at p. 12; '294 Prosecution History, October 26, 2012 Amendment and Applicant Arguments, at p. 15.<br><br>G. Holdings may rely upon the testimony of its expert, Ravin Balakrishnan, Ph.D., to explain the technology, the state of the art, the meaning of the claim terms as they would be understood by a person of skill in the art, and the proper construction of various claim terms.  G. Holdings may also rely on Dr. Balakrishnan to respond to Defendants' claim construction proposals or positions of the Defendants' expert(s) and/or witnesses. | when the control device is triggered and without waiting for an activation cue<br><br>**Intrinsic Evidence**<br>'333 Patent, Title; Abstract; 1:9–11; 1:54–56; 1:61–2:2; 2:4–14; 2:43–45; 2:50–67; 3:6–13; 3:16–21; 3:28–49; 3:54–59; 5:5–32; 5:33–39; 6:4–26; 6:42–7:3; 7:4–14; 7:15–29; 7:41–43; 7:64–8:5; 8:24–31; 8:32–41; 8:42–50; 8:51–63; 9:4–11; 9:12–17; Claims 1, 10, 11, and 13.<br><br>'333 Patent File History, 6/16/2009 Non-Final Rejection including at 3–4; 7/21/2009 Notice of Allowance including at 4–5, 6–7.<br><br>**Extrinsic Evidence**<br>Random House Webster's Unabridged Dictionary (2nd Edition) (2001) including at 2093<br><br>Webster's Third New International Dictionary, Unabridged (2002) including at 2517-18<br><br>Defendants may rely on Dr. Robert Akl to respond to Plaintiff's claim construction positions and any testimony of Plaintiff's expert witnesses |

| Claim Term | Plaintiff's Construction and Evidence | Defendants' Construction and Evidence |
|---|---|---|
| "a control device operatively linked to said electronic circuit, with an invariable activation command being issued when said control device is selectively triggered" (Claim 1) | Not indefinite.  The claim element contains permissible functional limitations that describe the apparatus by reciting its capabilities.  *MasterMine Software, Inc. v. Microsoft Corp.*, 874 F.3d 1307, 1313 (Fed. Cir. 2017).<br><br>G. Holdings may rely upon the testimony of its expert, Ravin Balakrishnan, Ph.D., to explain the technology, the state of the art, the meaning of the claim terms as they would be understood by a person of skill in the art, and the proper construction of various claim terms.  G. Holdings may also rely on Dr. Balakrishnan to respond to Defendants' claim construction proposals or positions of the Defendants' expert(s) and/or witnesses. | Indefinite under *IPXL Holdings, LLC v. Amazon.com, Inc.*, 430 F.3d 1377 (Fed. Cir. 2005).<br><br>**Intrinsic Evidence**<br>'333 Patent, Claim 1<br><br>**Extrinsic Evidence**<br>Expert testimony from Dr. Robert Akl<br><br>Defendants may also rely on Dr. Robert Akl to respond to Plaintiff's claim construction positions and any testimony of Plaintiff's expert witnesses |
| "wherein upon said control device being selectively triggered to issue and [*sic*] invariable activation command" (Claim 1) | Not indefinite.  The claim element contains permissible functional limitations that describe the apparatus by reciting its capabilities.  *MasterMine Software, Inc. v. Microsoft Corp.*, 874 F.3d 1307, 1313 (Fed. Cir. 2017).<br><br>"wherein upon said control device being selectively triggered to issue and [*sic*] invariable activation command" means "wherein upon said control device being selectively triggered to issue an invariable activation command" | Indefinite under *IPXL Holdings, LLC v. Amazon.com, Inc.*, 430 F.3d 1377 (Fed. Cir. 2005).<br><br>**Intrinsic Evidence**<br>'333 Patent, Claim 1<br><br>**Extrinsic Evidence**<br>Expert testimony from Dr. Robert Akl<br><br>Defendants may also rely on Dr. Robert Akl to respond to Plaintiff's claim construction positions and any testimony of Plaintiff's expert witnesses |

| Claim Term | Plaintiff's Construction and Evidence | Defendants' Construction and Evidence |
|---|---|---|
| | G. Holdings may rely upon the testimony of its expert, Ravin Balakrishnan, Ph.D., to explain the technology, the state of the art, the meaning of the claim terms as they would be understood by a person of skill in the art, and the proper construction of various claim terms.  G. Holdings may also rely on Dr. Balakrishnan to respond to Defendants' claim construction proposals or positions of the Defendants' expert(s) and/or witnesses. | |

**U.S. Patent No. 9,022,294**

| Claim Term | Plaintiff's Construction and Evidence | Defendants' Construction and Evidence |
|---|---|---|
| Order of steps (Claim 12) | Plain and ordinary meaning.  No construction necessary because there is no particular order of steps recited or required except where expressly causally limited in the claim.<br><br>**Evidence**<br>Claim 12; Fig. 1; Fig. 3; Fig. 4; 9:28-18:59; '294 Prosecution History, March 27, 2012 Amendment and Applicant Arguments, at p. 12; '294 Prosecution History, October 26, 2012 Amendment and Applicant Arguments, at p. 15.<br><br>G. Holdings may rely upon the testimony of its expert, Ravin Balakrishnan, Ph.D., to explain the technology, the state of the art, the meaning of the claim terms as they would be understood by a person of skill in the art, and the proper construction of various claim terms.  G. Holdings may also rely on Dr. Balakrishnan to respond to Defendants' claim construction proposals or positions of the Defendants' expert(s) and/or witnesses. | Steps must be performed in the order written<br><br>**Intrinsic Evidence**<br>'294 Patent, Title; Abstract; 1:16–18; 1:61–63; 2:1–9; 2:12–21; 2:50–52; 2:57–62; 2:66–3:8; 3:14–29; 3:35–55; 3:60–65; 4:4–6; 4:15–23; 4:27–38; 5:1–5; 5:8–10; 5:13–24; 5:33–36; 5:46–53; 5:56–67; 6:8–29; 8:29–56: 9:28–49; 9:65–10:6; 10:7–13; 10:14–20; 10:26–36; 10:37–51; 10:63–65; 11:22–27; 11:46–52; 11:54–63; 11:64–12:5; 12:6–18; 12:26–33; 12:34–39; 14:53–59; 14:60–15:28; 15:29–33; 16:24–37; 16:66–17:14; 17:18–32; 17:37–51; 18:7–14; Claims 1, 10, 11, 12, and 19.<br><br>'294 Patent File History, 3/27/2012 Applicant Arguments including at 11–13; 10/26/2012 Applicant Arguments including at 13, 15–16.<br><br>**Extrinsic Evidence**<br>Random House Webster's Unabridged Dictionary (2nd Edition) (2001) including at 2093<br><br>Webster's Third New International Dictionary Unabridged (2002) including at 2517-18 |

| Claim Term | Plaintiff's Construction and Evidence | Defendants' Construction and Evidence |
|---|---|---|
| | | Defendants may rely on Dr. Robert Akl to respond to Plaintiff's claim construction positions and any testimony of Plaintiff's expert witnesses |
| "a data conveyance switching element. . . said switching element being assigned a first state upon an activation cue having been received by said cue receiver, and being assigned a second state when no activation cue was received by said cue receiver" (Claim 1) | No construction necessary.  Alternatively, "data conveyance switching element" means "hardware connected to and/or software running on an electronic circuit that provides switching functionality to enter into a different state for conveying data."<br><br>Not governed by 35 U.S.C. § 112, ¶ 6.<br><br>To the extent the Court determines the phrase is governed by 35 U.S.C. § 112, ¶ 6:<br><br>Structure:   hardware connected to and/or software running on an electronic circuit<br><br>Function:  provides switching functionality to enter into a different state for conveying data<br><br>**Evidence**<br>Fig. 2; Fig. 4; 9:28-49; 9:65-10:51; 11:46-53; 12:6-47; 13:50-60; 14:53-59; 15:4-41; 16:24-46; 16:66-17:17; '294 Prosecution History, March 27, 2012 Amendment and Applicant Arguments, at p. 12; '294 Prosecution History, October 26, 2012 Amendment and Applicant Arguments, at p. 15. | Governed by 35 U.S.C. § 112(6)<br><br>Indefinite due to absence of corresponding algorithm in the specification under 35 U.S.C. §§ 112(2), 112(6).<br><br>Function: being assigned a first state upon an activation cue having been received by said cue receiver, and being assigned a second state when no activation cue was received by said cue receiver<br><br>Structure: a decisional logical circuit or a series of instructions programmed onto a microchip or a processor/general purpose computer/microcontroller<br><br>Algorithm: None<br><br>OR<br><br>"data conveyance switching element" shall be construed to mean "element that changes between two alternate data conveyance states"<br><br>**Intrinsic Evidence** |

| Claim Term | Plaintiff's Construction and Evidence | Defendants' Construction and Evidence |
|---|---|---|
| | G. Holdings may rely upon the testimony of its expert, Ravin Balakrishnan, Ph.D., to explain the technology, the state of the art, the meaning of the claim terms as they would be understood by a person of skill in the art, and the proper construction of various claim terms.  G. Holdings may also rely on Dr. Balakrishnan to respond to Defendants' claim construction proposals or positions of the Defendants' expert(s) and/or witnesses. | '294 Patent, Abstract; FIGS. 1–4; 2:4–21; 2:35–41; 2:56–3:8; 3:35–37; 3:42–55; 3:60–65; 4:18–38; 4:44–53; 5:48–67; 6:8–29; 7:46–53; 9:29–41; 9:42–50; 9:65–10:6; 10:7–25; 10:46–51; 11:46–53; 12:6–18; 12:26–33; 12:34–47; 13:50–60; 14:18–26; 14:53–59; 15:4–13; 15:19–28; 15:29–41; 16:30–37; 17:5–17; 17:18–26;  Claims 1, 5, 6, 7, 11, 12, and 19.<br><br>'294 Patent File History, 1/11/2012 Non-Final Rejection including at 2–3, 6–8; 4/30/2012 Final Rejection including at 2–4, 9–10; 10/26/2012 Applicant Arguments including at 15–16; 12/8/2014 Applicant Arguments including at 15–16.<br><br>**Extrinsic Evidence**<br>Random House Webster's Unabridged Dictionary (2nd Edition) (2001) including at 1924<br><br>Webster's Third New International Dictionary, Unabridged (2002) including at 2313<br><br>McGraw-Hill Dictionary of Scientific and Technical Terms (6th Edition) (2003) including at 2083<br><br>Microsoft Internet & Networking Dictionary (2003) including at 246 |

| Claim Term | Plaintiff's Construction and Evidence | Defendants' Construction and Evidence |
|---|---|---|
| | | Expert testimony from Dr. Robert Akl

Defendants may also rely on Dr. Robert Akl to respond to Plaintiff's claim construction positions and any testimony of Plaintiff's expert witnesses |
| "a data conveyance switching element . . . capable of being in either one of a first and a second state. . . if an activation cue is received at said cue receiver, assigning said first state to said switching element, while if no activation cue is received at said cue receiver, assigning said second state to said switching element" (Claim 12) | No construction necessary.  Alternatively, "data conveyance switching element" means "hardware connected to and/or software running on an electronic circuit that provides switching functionality to enter into a different state for conveying data."

Not governed by 35 U.S.C. § 112, ¶ 6.

To the extent the Court determines the phrase is governed by 35 U.S.C. § 112, ¶ 6:

Structure:  hardware connected to and/or software running on an electronic circuit

Function:  provides switching functionality to enter into a different state for conveying data

**Evidence**
Fig. 2; Fig. 4; 9:28-49; 9:65-10:51; 11:46-53; 12:6-47; 13:50-60; 14:53-59; 15:4-41; 16:24-46; 16:66-17:17; '294 Prosecution History, March 27, 2012 Amendment and Applicant Arguments, at p. 12; '294 Prosecution | Governed by 35 U.S.C. § 112(6)

Indefinite due to absence of corresponding algorithm in the specification under 35 U.S.C. §§ 112(2), 112(6).

Function: being in either one of a first and a second state and, if an activation cue is received at said cue receiver, assigning said first state to said switching element, while if no activation cue is received at said cue receiver, assigning said second state to said switching element

Structure: a decisional logical circuit or a series of instructions programmed onto a microchip or a processor/general purpose computer/microcontroller

Algorithm: None

OR |

| Claim Term | Plaintiff's Construction and Evidence | Defendants' Construction and Evidence |
|---|---|---|
| | History, October 26, 2012 Amendment and Applicant Arguments, at p. 15.<br><br>G. Holdings may rely upon the testimony of its expert, Ravin Balakrishnan, Ph.D., to explain the technology, the state of the art, the meaning of the claim terms as they would be understood by a person of skill in the art, and the proper construction of various claim terms.  G. Holdings may also rely on Dr. Balakrishnan to respond to Defendants' claim construction proposals or positions of the Defendants' expert(s) and/or witnesses. | "data conveyance switching element" shall be construed to mean "element that changes between two alternate data conveyance states"<br><br>**Intrinsic Evidence**<br>'294 Patent, Abstract; FIGS. 1–4; 2:4–21; 2:35–41; 2:56–3:8; 3:35–37; 3:42–55; 3:60–65; 4:18–38; 4:44–53; 5:48–67; 6:8–29; 7:46–53; 9:29–41; 9:42–50; 9:65–10:6; 10:7–25; 10:46–51; 11:46–53; 12:6–18; 12:26–33; 12:34–47; 13:50–60; 14:18–26; 14:53–59; 15:4–13; 15:19–28; 15:29–41; 16:30–37; 17:5–17; 17:18–26;  Claims 1, 5, 6, 7, 11, 12, and 19.<br><br>'294 Patent File History, 1/11/2012 Non-Final Rejection including at 2–3, 6–8; 4/30/2012 Final Rejection including at 2–4, 9–10; 10/26/2012 Applicant Arguments including at 15–16; 12/8/2014 Applicant Arguments including at 15–16.<br><br>**Extrinsic Evidence**<br>Random House Webster's Unabridged Dictionary (2nd Edition) (2001) including at 1924<br><br>Webster's Third New International Dictionary, Unabridged (2002) including at 2313 |

| Claim Term | Plaintiff's Construction and Evidence | Defendants' Construction and Evidence |
|---|---|---|
| | | McGraw-Hill Dictionary of Scientific and Technical Terms (6th Edition) (2003) including at 2083<br><br>Microsoft Internet & Networking Dictionary (2003) including at 246<br><br>Expert testimony from Dr. Robert Akl<br><br>Defendants may also rely on Dr. Robert Akl to respond to Plaintiff's claim construction positions and any testimony of Plaintiff's expert witnesses |
| "data exchange device" (Claims 1, 8, 12, and 16) | No construction necessary.  Not governed by 35 U.S.C. § 112, ¶ 6.<br><br>To the extent the Court determines the phrase is governed by 35 U.S.C. § 112, ¶ 6:<br><br>Structure:  external data exchange device<br><br>Function:   communicates with the portable electronic device and provide data upload and/or download<br><br>**Evidence**<br>Fig. 1; Fig. 3; Fig. 4; 7:37-41; 9:1-27; 10:14-18:59<br><br>G. Holdings may rely upon the testimony of its expert, Ravin Balakrishnan, Ph.D., to | Governed by 35 U.S.C. § 112(6)<br><br>Function: exchanging data<br><br>Structure: an electronic circuit and a data transceiver able to cooperate with a transceiver, including a portable electronic device, a computer, and an interface machine such as an automatic teller machine<br><br>OR<br><br>"data exchange device" shall be construed to mean "an apparatus that sends and receives data"<br><br>**Intrinsic Evidence** |

| Claim Term | Plaintiff's Construction and Evidence | Defendants' Construction and Evidence |
|---|---|---|
| | explain the technology, the state of the art, the meaning of the claim terms as they would be understood by a person of skill in the art, and the proper construction of various claim terms.  G. Holdings may also rely on Dr. Balakrishnan to respond to Defendants' claim construction proposals or positions of the Defendants' expert(s) and/or witnesses. | '294 Patent, Abstract; FIGS. 1–4; 2:4–21; 2:42–3:8; 3:29–55; 3:56–59; 4:7–38; 4:54–57; 5:25–67; 6:8–29; 6:30–38; 6:46–55; 6:59–63; 7:12–32; 7:36–41; 9:1–16; 9:22–24; 10:7–25; 10:33–36; 10:37–46; 10:57–63; 11:10–53; 11:64–12:5; 12:6–18; 12:19–25; 12:34–47; 12:48–13:11; 13:12–24; 13:25–41; 14:27–30; 14:53–59; 14:60–15:3; 15:19–28; 15:55–16:2; 16:11–23; 16:30–46; 16:47–56; 58–65; 17:5–17; 17:27–32; 17:37–51; 17:65–18:2; 18:41–59; Claims 1, 8, 10, 11, 12, 13, 16, and 19.<br><br>'294 Patent File History, 12/8/2014 Applicant Arguments including at 15–19.<br><br>**Extrinsic Evidence**<br>Random House Webster's Unabridged Dictionary (2nd Edition) (2001) including at 675<br><br>Webster's Third New International Dictionary, Unabridged (2002) including at 792<br><br>Expert testimony from Dr. Robert Akl<br><br>Defendants may also rely on Dr. Robert Akl to respond to Plaintiff's claim construction positions and any testimony of Plaintiff's expert witnesses |

| Claim Term | Plaintiff's Construction and Evidence | Defendants' Construction and Evidence |
|---|---|---|
| "invariable activation command" (Claims 1, 10, 12, and 18) | "a state-dependent command that is issued in response to the control device input"<br><br>**Evidence**<br>8:29-63; 10:26-11:9; 11:54-12:18; 15:14-18; 16:24-46; 16:66-18:59; '294 Prosecution History, March 27, 2012 Amendment and Applicant Arguments, at p. 12; '294 Prosecution History, October 26, 2012 Amendment and Applicant Arguments, at p. 15.<br><br>G. Holdings may rely upon the testimony of its expert, Ravin Balakrishnan, Ph.D., to explain the technology, the state of the art, the meaning of the claim terms as they would be understood by a person of skill in the art, and the proper construction of various claim terms. G. Holdings may also rely on Dr. Balakrishnan to respond to Defendants' claim construction proposals or positions of the Defendants' expert(s) and/or witnesses. | "a command initiating one of two alternate data conveyance operations"<br><br>**Intrinsic Evidence**<br>'294 Patent, Title; Abstract; 1:16–18; 1:47–52; 1:61–63; 2:12–21; 2:50–52; 2:66–3:8; 3:14–16; 3:23–29; 3:45–55; 4:4–6; 4:27–38; 5:1–3; 5:13–24; 5:33–36; 5:56–67; 6:20–29; 7:4–8; 8:29–36; 8:57–63; 9:54–10:4; 10:26–36; 10:37–51; 10:63–11:9; 11:54–63; 12:6–18; 15:14–18; 16:24–37; 16:66–17:14; 17:18–32; 17:33–44; 18:14–40; Claims 1, 10, 11, 12, 18, and 19<br><br>'294 Patent File History, 3/27/2012 Applicant Arguments including at 11–13; 10/26/2012 Applicant Arguments including at 1, 13–16; 6/6/2014 Non-Final Rejection including at 3; 12/8/2014 Applicant Arguments including at 15–16.<br><br>**Extrinsic Evidence**<br>Random House Webster's Unabridged Dictionary (2nd Edition) (2001) including at 1003<br><br>Webster's Third New International Dictionary Unabridged (2002) including at 1188<br><br>Defendants may rely on Dr. Robert Akl to respond to Plaintiff's claim construction |

| Claim Term | Plaintiff's Construction and Evidence | Defendants' Construction and Evidence |
|---|---|---|
| | | positions and any testimony of Plaintiff's expert witnesses |
| "upon" (Claims 1 and 10) | Plain and ordinary meaning.  No construction necessary<br><br>**Evidence**<br>Fig. 1; Fig. 3; Fig. 4; 9:28-18:59; '294 Prosecution History, March 27, 2012 Amendment and Applicant Arguments, at p. 12; '294 Prosecution History, October 26, 2012 Amendment and Applicant Arguments, at p. 15.<br><br>G. Holdings may rely upon the testimony of its expert, Ravin Balakrishnan, Ph.D., to explain the technology, the state of the art, the meaning of the claim terms as they would be understood by a person of skill in the art, and the proper construction of various claim terms.  G. Holdings may also rely on Dr. Balakrishnan to respond to Defendants' claim construction proposals or positions of the Defendants' expert(s) and/or witnesses. | Plain and ordinary meaning (*i.e.*, "when")<br><br>**Intrinsic Evidence**<br>'294 Patent, Title; Abstract; 1:16–18; 1:61–63; 2:1–9; 2:12–21; 2:50–52; 2:57–62; 2:66–3:8; 3:14–29; 3:35–55; 3:60–65; 4:4–6; 4:15–23; 4:27–38; 5:1–5; 5:8–10; 5:13–24; 5:33–36; 5:46–53; 5:56–67; 6:8–29; 8:29–56: 9:28–49; 9:65–10:6; 10:7–13; 10:14–20; 10:26–36; 10:37–51; 10:63–65; 11:22–27; 11:46–52; 11:54–63; 11:64–12:5; 12:6–18; 12:26–33; 12:34–39; 14:53–59; 14:60–15:28; 15:29–33; 16:24–37; 16:66–17:14; 17:18–32; 17:37–51; 18:7–14; Claims 1, 10, 11, 12, and 19.<br><br>'294 Patent File History, 3/27/2012 Applicant Arguments including at 11–13; 10/26/2012 Applicant Arguments including at 13, 15–16.<br><br>**Extrinsic Evidence**<br>Random House Webster's Unabridged Dictionary (2nd Edition) (2001) including at 2093<br><br>Webster's Third New International Dictionary, Unabridged (2002) including at 2517-18 |

| Claim Term | Plaintiff's Construction and Evidence | Defendants' Construction and Evidence |
|---|---|---|
| | | Defendants may rely on Dr. Robert Akl to respond to Plaintiff's claim construction positions and any testimony of Plaintiff's expert witnesses |
| "wherein upon said control device being selectively triggered by the user to issue said invariable activation command: if said switching element is in said first state, a first data conveyance operation will be initiated through the instrumentality of said first data transceiver for sending data from said electronic circuit to the first external data exchange device over said first communication link; and if said switching element is in said second state, a second data conveyance operation will be initiated through the instrumentality of said second data transceiver for sending data from said electronic circuit to the second external data exchange device over said second communication link." (Claim 1) | Plain and ordinary meaning.  No construction necessary<br><br>__Evidence__<br>Fig. 2; Fig. 4; 9:28-49; 9:65-10:51; 11:46-53; 12:6-47; 13:50-60; 14:53-59; 15:4-41; 16:24-46; 16:66-17:17; '294 Prosecution History, March 27, 2012 Amendment and Applicant Arguments, at p. 12; '294 Prosecution History, October 26, 2012 Amendment and Applicant Arguments, at p. 15.<br><br>G. Holdings may rely upon the testimony of its expert, Ravin Balakrishnan, Ph.D., to explain the technology, the state of the art, the meaning of the claim terms as they would be understood by a person of skill in the art, and the proper construction of various claim terms.  G. Holdings may also rely on Dr. Balakrishnan to respond to Defendants' claim construction proposals or positions of the Defendants' expert(s) and/or witnesses. | Plain and ordinary meaning, which requires that the data conveyance operation occurs when the control device is triggered and without waiting for an activation cue<br><br>__Intrinsic Evidence__<br>'294 Patent, Title; Abstract; 1:16–18; 1:61–63; 2:1–9; 2:12–21; 2:50–52; 2:57–62; 2:66–3:8; 3:14–29; 3:35–55; 3:60–65; 4:4–6; 4:15–23; 4:27–38; 5:1–5; 5:8–10; 5:13–24; 5:33–36; 5:46–53; 5:56–67; 6:8–29; 8:29–56: 9:28–49; 9:65–10:6; 10:7–13; 10:14–20; 10:26–36; 10:37–51; 10:63–65; 11:22–27; 11:46–52; 11:54–63; 11:64–12:5; 12:6–18; 12:26–33; 12:34–39; 14:53–59; 14:60–15:28; 15:29–33; 16:24–37; 16:66–17:14; 17:18–32; 17:37–51; 18:7–14; Claims 1, 10, 11, 12, and 19.<br><br>'294 Patent File History, 3/27/2012 Applicant Arguments including at 11–13; 10/26/2012 Applicant Arguments including at 13, 15–16.<br><br>__Extrinsic Evidence__<br>Random House Webster's Unabridged Dictionary (2nd Edition) (2001) including at 2093 |

| Claim Term | Plaintiff's Construction and Evidence | Defendants' Construction and Evidence |
|---|---|---|
| | | Webster's Third New International Dictionary, Unabridged (2002) including at 2517-18<br><br>Defendants may rely on Dr. Robert Akl to respond to Plaintiff's claim construction positions and any testimony of Plaintiff's expert witnesses |
| "wherein upon said control device being selectively triggered by the user to issue said invariable activation command:<br>if an activation cue was received by said cue receiver, said electronic circuit will accomplish said first data conveyance operation to convey data from said electronic circuit to said first data transceiver for transmitting data through said first data transceiver; and<br>if no activation cue was received by said cue receiver, said electronic circuit will accomplish said second data conveyance operation to convey data from said electronic circuit to said second data transceiver for transmitting data through said second data transceiver." (Claim 10) | Plain and ordinary meaning.  No construction necessary.<br><br>**Evidence**<br>Fig. 2; Fig. 4; 9:28-49; 9:65-10:51; 11:46-53; 12:6-47; 13:50-60; 14:53-59; 15:4-41; 16:24-46; 16:66-17:17; '294 Prosecution History, March 27, 2012 Amendment and Applicant Arguments, at p. 12; '294 Prosecution History, October 26, 2012 Amendment and Applicant Arguments, at p. 15.<br><br>G. Holdings may rely upon the testimony of its expert, Ravin Balakrishnan, Ph.D., to explain the technology, the state of the art, the meaning of the claim terms as they would be understood by a person of skill in the art, and the proper construction of various claim terms.  G. Holdings may also rely on Dr. Balakrishnan to respond to Defendants' claim construction proposals or positions of the Defendants' expert(s) and/or witnesses. | Plain and ordinary meaning, which requires that the data conveyance operation occurs when the control device is triggered and without waiting for an activation cue<br><br>**Intrinsic Evidence**<br>'294 Patent, Title; Abstract; 1:16–18; 1:61–63; 2:1–9; 2:12–21; 2:50–52; 2:57–62; 2:66–3:8; 3:14–29; 3:35–55; 3:60–65; 4:4–6; 4:15–23; 4:27–38; 5:1–5; 5:8–10; 5:13–24; 5:33–36; 5:46–53; 5:56–67; 6:8–29; 8:29–56; 9:28–49; 9:65–10:6; 10:7–13; 10:14–20; 10:26–36; 10:37–51; 10:63–65; 11:22–27; 11:46–52; 11:54–63; 11:64–12:5; 12:6–18; 12:26–33; 12:34–39; 14:53–59; 14:60–15:28; 15:29–33; 16:24–37; 16:66–17:14; 17:18–32; 17:37–51; 18:7–14; Claims 1, 10, 11, 12, and 19.<br><br>'294 Patent File History, 3/27/2012 Applicant Arguments including at 11–13; 10/26/2012 Applicant Arguments including at 13, 15–16. |

| Claim Term | Plaintiff's Construction and Evidence | Defendants' Construction and Evidence |
|---|---|---|
| | | **Extrinsic Evidence**<br>Random House Webster's Unabridged Dictionary (2nd Edition) (2001) including at 2093<br><br>Webster's Third New International Dictionary, Unabridged (2002) including at 2517-18<br><br>Defendants may rely on Dr. Robert Akl to respond to Plaintiff's claim construction positions and any testimony of Plaintiff's expert witnesses |
| "conveyed toward a close proximity" (Claims 8 and 16) | Plain and ordinary meaning.  No construction necessary<br><br>**Evidence**<br>11:10-63;  12:48-13:41;  15:55-63;  16:11-46; 18:7-59<br><br>G. Holdings may rely upon the testimony of its expert, Ravin Balakrishnan, Ph.D., to explain the technology, the state of the art, the meaning of the claim terms as they would be understood by a person of skill in the art, and the proper construction of various claim terms.  G. Holdings may also rely on Dr. Balakrishnan to respond to Defendants' claim construction proposals or positions of the Defendants' expert(s) and/or witnesses. | Indefinite<br><br>**Intrinsic Evidence**<br>'294 Patent 13:33–41; 15:55–63; 18:41–59<br><br>**Extrinsic Evidence**<br>Expert testimony from Dr. Robert Akl<br><br>Defendants may also rely on Dr. Robert Akl to respond to Plaintiff's claim construction positions and any testimony of Plaintiff's expert witnesses |

| Claim Term | Plaintiff's Construction and Evidence | Defendants' Construction and Evidence |
|---|---|---|
| "a user-triggered control device operatively linked to said electronic circuit, said user-triggered control device configured to be operated by a user via one of a button, a keypad, a tactile screen, and a biometric parameter detector, and after being operated issue an invariable activation command, with said invariable activation command being issued when said control device is selectively triggered by the user" (Claim 1) | Not indefinite.  The claim element contains permissible functional limitations that describe the apparatus by reciting its capabilities.  *MasterMine Software, Inc. v. Microsoft Corp.*, 874 F.3d 1307, 1313 (Fed. Cir. 2017).<br><br>G. Holdings may rely upon the testimony of its expert, Ravin Balakrishnan, Ph.D., to explain the technology, the state of the art, the meaning of the claim terms as they would be understood by a person of skill in the art, and the proper construction of various claim terms.  G. Holdings may also rely on Dr. Balakrishnan to respond to Defendants' claim construction proposals or positions of the Defendants' expert(s) and/or witnesses. | Indefinite under *IPXL Holdings, LLC v. Amazon.com, Inc.*, 430 F.3d 1377 (Fed. Cir. 2005).<br><br>**Intrinsic Evidence**<br>'294 Patent Claim 1<br><br>**Extrinsic Evidence**<br>Expert testimony from Dr. Robert Akl<br><br>Defendants may also rely on Dr. Robert Akl to respond to Plaintiff's claim construction positions and any testimony of Plaintiff's expert witnesses |
| "a user-triggered control device operatively linked to said electronic circuit, said user-triggered control device configured to be operated by a user via one of a button, a keypad, a tactile screen, and a biometric parameter detector, and after being operated issue an invariable activation command, with said invariable activation command being issued when said control device is triggered by the user" (claim 10) | Not indefinite.  The claim element contains permissible functional limitations that describe the apparatus by reciting its capabilities.  *MasterMine Software, Inc. v. Microsoft Corp.*, 874 F.3d 1307, 1313 (Fed. Cir. 2017).<br><br>G. Holdings may rely upon the testimony of its expert, Ravin Balakrishnan, Ph.D., to explain the technology, the state of the art, the meaning of the claim terms as they would be understood by a person of skill in the art, and the proper construction of various claim terms.  G. Holdings may also rely on Dr. Balakrishnan to respond to Defendants' claim | Indefinite under *IPXL Holdings, LLC v. Amazon.com, Inc.*, 430 F.3d 1377 (Fed. Cir. 2005).<br><br>**Intrinsic Evidence**<br>'294 Patent Claim 10<br><br>**Extrinsic Evidence**<br>Expert testimony from Dr. Robert Akl<br><br>Defendants may also rely on Dr. Robert Akl to respond to Plaintiff's claim construction positions and any testimony of Plaintiff's expert witnesses |

| Claim Term | Plaintiff's Construction and Evidence | Defendants' Construction and Evidence |
|---|---|---|
| | construction proposals or positions of the Defendants' expert(s) and/or witnesses. | |
| "wherein upon said control device being selectively triggered by the user to issue said invariable activation command" (Claims 1 and 10) | Not indefinite. The claim element contains permissible functional limitations that describe the apparatus by reciting its capabilities. *MasterMine Software, Inc. v. Microsoft Corp.*, 874 F.3d 1307, 1313 (Fed. Cir. 2017).<br><br>G. Holdings may rely upon the testimony of its expert, Ravin Balakrishnan, Ph.D., to explain the technology, the state of the art, the meaning of the claim terms as they would be understood by a person of skill in the art, and the proper construction of various claim terms. G. Holdings may also rely on Dr. Balakrishnan to respond to Defendants' claim construction proposals or positions of the Defendants' expert(s) and/or witnesses. | Indefinite under *IPXL Holdings, LLC v. Amazon.com, Inc.*, 430 F.3d 1377 (Fed. Cir. 2005).<br><br>**Intrinsic Evidence**<br>'294 Patent Claims 1 and 10<br><br>**Extrinsic Evidence**<br>Expert testimony from Dr. Robert Akl<br><br>Defendants may also rely on Dr. Robert Akl to respond to Plaintiff's claim construction positions and any testimony of Plaintiff's expert witnesses |