**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| G. HOLDINGS LTD., | § § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 2:20-cv-00342-JRG |
| SAMSUNG ELECTRONICS CO., LTD. AND SAMSUNG ELECTRONICS AMERICA, INC., | § § § § | JURY TRIAL DEMANDED |
| Defendants. | § § § | |

**DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S
AMENDED COMPLAINT FOR PATENT INFRINGEMENT**

Defendants Samsung Electronics Co., Ltd. ("SEC") and Samsung Electronics America,

Inc. ("SEA") (collectively, "Defendants" or "Samsung") hereby respond to the Amended

Complaint for Patent Infringement (Dkt. No. 40) of Plaintiff G. Holdings Ltd. ("Plaintiff" or "G.

Holdings") with the following Answer and Affirmative Defenses.

Samsung denies all of the allegations in the Amended Complaint except for those

expressly admitted in the following numbered paragraphs, which correspond to the numbered

paragraphs in the Amended Complaint.

**NATURE OF THE ACTION[1]**

1.      Samsung admits that Plaintiff purports to bring this action for patent infringement

under Title 35 of the United States Code. Samsung denies any remaining allegations in

Paragraph 1.

---

[1] Samsung adopts Plaintiff's headers in the Amended Complaint for ease of understanding.
Samsung's adoption of those headers should not be construed as an admission of any allegations.

2. Samsung lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 2 and therefore denies them.

3. Denied.

## THE PARTIES

4. Samsung lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 4 and therefore denies them.

5. Samsung lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 5 and therefore denies them.

6. Admitted.

7. Samsung admits that SEA is a wholly owned subsidiary of SEC with a principal place of business at 85 Challenger Road, Ridgefield Park, New Jersey 07660. Samsung denies any remaining allegations in Paragraph 7.

8. Admitted.

9. Paragraph 9 sets forth argument and legal conclusions to which no response is required. To the extent a response is required, Samsung denies that it has infringed the Asserted Patents. Samsung lacks knowledge or information sufficient to form a belief about the truth of any remaining allegations in Paragraph 9 and therefore denies them.

## JURISDICTION AND VENUE

10. Samsung admits that Plaintiff purports to bring this action under Title 35 of the United States Code and that this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a). Samsung denies any remaining allegations in Paragraph 10.

11. Paragraph 11 sets forth argument and legal conclusions to which no response is required. To the extent a response is required, SEA does not contest personal jurisdiction in this

District solely for the purpose of this action. Samsung denies any remaining allegations in Paragraph 11.

12.    Paragraph 12 sets forth argument and legal conclusions to which no response is required. To the extent a response is required, Samsung does not contest that venue is proper in this District solely for the purpose of this action but denies that this venue is convenient, clearly more convenient than any other judicial district, or in the interests of justice under 28 U.S.C. § 1404(a). Samsung admits that SEA has designated CT Corporation System at 1999 Bryan St., Ste. 900, Dallas, TX 75201 as SEA's agent to accept service of process within the state of Texas. Samsung denies any remaining allegations in Paragraph 12.

13.    Samsung admits that SEA has employees within this District. Samsung lacks knowledge or information sufficient to form a belief about the truth of any remaining allegations in Paragraph 13 and therefore denies them.

14.    SEA admits that it manages the website www.samsung.com/us/, which sells some Samsung products and can be accessed from Texas and this District. Samsung denies that it has infringed the Asserted Patents. Samsung denies any remaining allegations in Paragraph 14.

15.    Denied.

### FACTUAL ALLEGATIONS

16.    Samsung lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 16 and therefore denies them.

17.    Samsung lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 17 and therefore denies them.

## SAMSUNG'S KNOWLEDGE OF THE ASSERTED PATENTS

18.     Samsung admits that it received information about certain patents purportedly owned by G. Holdings in or around March 2019. Samsung denies any remaining allegations in Paragraph 18.

## U.S. PATENT NO. 7,628,333 AND U.S. PATENT NO. 9,022,294

19.     Samsung admits that the '333 Patent is titled "Portable electronic device capable of alternate data conveyance operations responsive to an invariable activation command." Samsung denies that the U.S. Patent and Trademark Office issued the '333 Patent on April 14, 2003. Samsung lacks knowledge or information sufficient to form a belief about the truth of any remaining allegations in Paragraph 19 and therefore denies them.

20.     Samsung admits that the '294 Patent is titled "Portable electronic device and method for alternate data conveyance operations responsive to an invariable activation command." Samsung denies that the U.S. Patent and Trademark Office issued the '294 Patent on October 21, 2009. Samsung lacks knowledge or information sufficient to form a belief about the truth of any remaining allegations in Paragraph 20 and therefore denies them.

21.     Samsung lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 21 and therefore denies them.

## SAMSUNG'S INFRINGING PRODUCTS AND ACTIVITIES

22.     SEA admits it offers in the United States a mobile payment service called Samsung Pay, which SEA makes available for use with certain Samsung mobile devices and wearables sold in the United States. Samsung denies that it has infringed the Asserted Patents. Samsung denies any remaining allegations in Paragraph 22.

23.     Samsung admits that the quotations included in Paragraph 23 appear on the first cited web page. Samsung denies any remaining allegations in Paragraph 23.

24.     Samsung admits that the products listed in Paragraph 24 appear on the cited web page. Samsung denies any remaining allegations in Paragraph 24.

25.     Denied.

### COUNT I: INFRINGEMENT OF U.S. PATENT NO. 7,628,333

26.     Samsung incorporates by reference the foregoing paragraphs of this Answer as if fully set forth herein.

27.     Denied.

28.     Denied.

29.     Samsung admits that Plaintiff purports to attach an Exhibit C to the Amended Complaint. Samsung denies that it has infringed the Asserted Patents. Samsung denies any infringement allegations set forth in Exhibit C to the Amended Complaint. Samsung lacks knowledge or information sufficient to form a belief about the truth of any remaining allegations in Paragraph 29 and therefore denies them.

30.     Denied.

31.     Denied.

32.     Denied.

33.     Denied.

34.     Denied.

35.     Denied.

36.     Denied.

37.     Denied.

38.    Denied.

39.    Denied.

40.    Denied.

41.    Denied.

42.    Denied.

43.    Denied.

44.    Denied.

45.    Samsung denies that it has infringed the Asserted Patents. Samsung denies any infringement allegations set forth in Exhibit C to the Amended Complaint. Samsung lacks knowledge or information sufficient to form a belief about the truth of any remaining allegations in Paragraph 45 and therefore denies them.

46.    Samsung denies that it has infringed the Asserted Patents. Samsung admits that it had knowledge of the '333 Patent as of the date of service of the Complaint. Samsung denies any remaining allegations in Paragraph 46.

## COUNT II: INFRINGEMENT OF U.S. PATENT NO. 9,022,294

47.    Samsung incorporates by reference the foregoing paragraphs of this Answer as if fully set forth herein.

48.    Denied.

49.    Denied.

50.    Samsung admits that Plaintiff purports to attach an Exhibit C to the Amended Complaint. Samsung denies that it has infringed the Asserted Patents. Samsung denies any infringement allegations set forth in Exhibit C to the Amended Complaint. Samsung lacks

knowledge or information sufficient to form a belief about the truth of any remaining allegations in Paragraph 50 and therefore denies them.

51.    Denied.

52.    Denied.

53.    Denied.

54.    Denied.

55.    Denied.

56.    Denied.

57.    Denied.

58.    Denied.

59.    Denied.

60.    Denied.

61.    Denied.

62.    Denied.

63.    Denied.

64.    Denied.

65.    Denied.

66.    Denied.

67.    Denied.

68.    Samsung denies that it has infringed the Asserted Patents. Samsung denies any infringement allegations set forth in Exhibit C to the Amended Complaint. Samsung lacks knowledge or information sufficient to form a belief about the truth of any remaining allegations in Paragraph 68 and therefore denies them.

69.     Samsung denies that it has infringed the Asserted Patents. Samsung admits that it had knowledge of the '294 Patent as of the date of service of the Complaint. Samsung denies any remaining allegations in Paragraph 69.

## DEMAND FOR JURY TRIAL

70.     Samsung likewise demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

Samsung denies the underlying allegations of Plaintiff's Prayer for Relief, denies that Plaintiff is entitled to any relief whatsoever, and requests that the Court deny all relief to Plaintiff, enter judgment in favor of Samsung, and award Samsung its attorneys' fees and costs as the prevailing party in this action.

## SAMSUNG'S AFFIRMATIVE DEFENSES

71.     Samsung asserts the following affirmative defenses and other defenses. Samsung reserves the right to amend this Answer to assert additional defenses or as otherwise appropriate, including inequitable conduct and/or any other defenses currently unknown to Samsung, as they become known throughout the course of discovery in this action. Assertion of a defense is not a concession that Samsung has the burden of proving the matter asserted.

### FIRST DEFENSE
### (Non-Infringement)

72.     Plaintiff is not entitled to any relief against Samsung because Samsung does not and has not directly or indirectly infringed, either literally or under the doctrine of equivalents, any valid and enforceable claim of the Asserted Patents.

## SECOND DEFENSE
### (Prosecution History Estoppel)

73.     Plaintiff is estopped from construing or interpreting the claims of the Asserted Patents in a way that may cover and/or include, either literally or under the doctrine of equivalents, Samsung's products, services, software, and/or activities. Plaintiff has waived any right to do so by reason of cancellation, limitation, and/or abandonment of claims through admissions, arguments, amendments, statements, concessions, and/or representations made by or on behalf of the applicants in proceedings before the U.S. Patent and Trademark Office.

## THIRD DEFENSE
### (Invalidity)

74.     Each and every claim of the Asserted Patents is invalid for failure to meet the requirements of Title 35 of the United States Code, including but not limited to Sections 101, 102, 103, 112 and/or 115 thereof, and the rules, regulations, and laws pertaining thereto. Additional detail regarding this defense will be included in Samsung's invalidity contentions served in accordance with the timeline set forth in the Patent Rules of this District.

## FOURTH DEFENSE
### (Ensnarement)

75.     On information and belief, Plaintiff's claims against Samsung are barred in whole or in part by the doctrine of ensnarement.

## FIFTH DEFENSE
### (Equitable Doctrines)

76.     On information and belief, Plaintiff's claims against Samsung are barred by the equitable doctrines of waiver, estoppel, acquiescence, and/or unclean hands.

## SIXTH DEFENSE
### (Limitation of Damages)

77.     The relief sought by Plaintiff is barred or limited by at least 35 U.S.C. §§ 286, 287, and/or 288. Plaintiff is not entitled to any damages for activities before the filing of this action because Plaintiff did not notify Samsung of any alleged infringement.

## SEVENTH DEFENSE
### (No Standing)

78.     Plaintiff lacks standing to bring this suit to the extent that it lacks sufficient chain of title to one or both Asserted Patents. In addition, Plaintiff lacks standing to bring this suit to the extent that it lacks substantial rights to one or both Asserted Patents.

## EIGHTH DEFENSE
### (License; Exhaustion)

79.     On information and belief, Plaintiff's claims for relief are barred in whole or in part by an express or implied license, and/or the patent exhaustion doctrine.

## NINTH DEFENSE
### (No Willful Infringement)

80.     Plaintiff is not entitled to a finding of willful infringement with a corresponding increase in damages under 35 U.S.C. § 284. Plaintiff did not notify Samsung of any alleged infringement before the filing of this action.

## TENTH DEFENSE
### (Not an Exceptional Case)

81.     Plaintiff is not entitled to a finding that this case is exceptional warranting attorneys' fees under 35 U.S.C. § 285.

## ELEVENTH DEFENSE
### (Extraterritoriality)

82.     Plaintiff's claims for patent infringement are precluded in whole or in part to the extent that any accused functionality and/or acts are located and/or performed outside the United States.

DATED:  April 21, 2021                    Respectfully submitted,

By:  */s/ Elizabeth L. Brann*
Elizabeth L. Brann
CA Bar No. 222873
elizabethbrann@paulhastings.com
Ariell Bratton
CA Bar No. 317587
ariellbratton@paulhastings.com
PAUL HASTINGS LLP
4747 Executive Drive, 12th Floor
San Diego, California  92121
Telephone:  (858) 458-3000
Facsimile:   (858) 458-3005

Christopher W. Kennerly
TX Bar No. 00795077
chriskennerly@paulhastings.com
PAUL HASTINGS LLP
1117 S. California Ave.
Palo Alto, California  94304
Telephone:  (650) 320-1800
Facsimile:   (650) 320-1900

Melissa R. Smith
TX Bar No. 24001351
melissa@gillamsmithlaw.com
GILLAM & SMITH, LLP
303 S. Washington Ave.
Marshall, TX 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257

Attorneys for Defendants
SAMSUNG ELECTRONICS CO., LTD.,
AND SAMSUNG ELECTRONICS
AMERICA, INC.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule CV-5 on April 21, 2021. As of this date, all counsel of record had consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3)(A).

 */s/ Elizabeth L. Brann*
Elizabeth L. Brann