# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| G. HOLDINGS LTD.,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD. and SAMSUNG ELECTRONICS AMERICA INC.,<br><br>Defendants. | Case No. 2:20-cv-00342-JRG<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFF G. HOLDINGS LTD.'S OPPOSITION TO DEFENDANTS SAMSUNG ELECTRONICS CO., LTD. AND SAMSUNG ELECTRONICS AMERICA, INC.'S MOTION TO STAY PENDING *INTER PARTES* REVIEW PROCEEDINGS**

**I.      INTRODUCTION**

With this case scheduled for trial in November 2021 and years after being made aware of the asserted patents in this litigation, Defendants Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. (collectively "Samsung") request that the Court issue a stay because of the recent filing of *Inter Partes* Review ("IPR") petitions. Samsung's requests should be denied.

A stay will not simplify this case. None of the IPR petitions have been instituted. Thus, the likelihood of any simplification is purely speculative at this point. Further, a stay would prejudice G. Holdings by infringing its ability to timely enforce its patent rights and could increase the risk of losing evidence during the pendency of the IPRs. Even taking Samsung's speculative position and assuming that the IPRs all instituted, the Final Written Decisions would issue between **9 and 12 months after the scheduled trial in this case**. Thus, derailing this case and granting a stay under these extreme facts would be inherently unfair and extremely prejudicial to G. Holdings.

The parties and the Court have already expended substantial time and resources since the filing of the Complaint in October 2020. Discovery is underway, including Samsung's service of third-party subpoenas on several corporations such as Apple Inc., Nokia of America Corporation, HP, and Acer America Corporation. The parties have exchanged infringement and invalidity contentions and preliminary elections of asserted claims and prior art. Further, the parties have completed claim construction briefing and a *Markman* hearing is scheduled for June 10, 2021. Moreover, the parties will have completed fact and expert discovery, summary judgement briefing, pre-trial disclosure, and pre-trial conference before any institution decision.

Since all three factors weigh against a stay, Samsung's motion should be denied and its alternative request for expedited briefing of a future stay motion should also be denied.

1

## II.  FACTUAL BACKGROUND

G. Holdings initiated this action against Samsung on October 29, 2020, alleging that Samsung infringed two patents relating to alternative data conveyance on a portable electronic device. Dkt. No. 1. On February 26, 2021, G. Holdings served its infringement contentions. Dkt. No. 29. On April 23, 2021, Samsung served its invalidity contentions. *Id*. The parties completed claim construction briefing on May 5, 2021. *Id*. The deadline for the substantial completion of document production was May 10, 2021. Dkt. Nos. 44, 49, and 50. The parties filed a Joint Claim Construction Chart on May 12, 2021. Dkt. No. 54. On April 30, 2021, Samsung filed petitions for IPR seeking review of the asserted claims of the two asserted patents. On May 13, 2021, the United States Patent Trial and Appeal Board accorded Samsung's IPR petitions a filing date.

Samsung filed the instant motion of May 13, 2021. The claim construction hearing is on June 10, 2021 and trial is to begin on November 15, 2021. Dkt. Nos. 29.

## III.  LEGAL STANDARD

"A district court has the inherent power to control its own docket, including the power to stay proceedings before it." *Trover Group, Inc. v. Dedicated Micros USA*, No. 2:13-CV-1047-WCB, 2015 WL 1069179, at *1 (E.D. Tex., , March 11, 2015). "To strike the balance when a patent challenger moves to stay a litigation pending an IPR, courts in this district consider three factors: (1) whether a stay will unduly prejudice or present a clear tactical disadvantage to the nonmoving party; (2) whether discovery is complete and whether a trial date has been set; and (3) whether a stay will simplify issues in question and trial of the case." *Tessera Advanced Technologies, Inc. v. Samsung Electronics Co.*, No. 2:17-CV-00671-JRG, 2018 WL 3472700, at *1 (E.D. Tex., July 19, 2018).

It is "well established that this Court will not, barring exceptional circumstances, grant a stay of proceedings for the mere filing of an IPR." *Id.* at *4; *see also Trover Group*, 2015 WL 1069179, at *6 ("This [c]ourt's survey of cases from the Eastern District of Texas shows that when the PTAB has not yet acted on a petition for inter partes review, the courts have uniformly denied motions for a stay.") (citing cases). "[T]hat is not just the majority rule; it is the universal practice." *Trover Group*, 2015 WL 1069179, at *6.

## IV.   ARGUMENT

### A. A Stay Will Not Simplify the Issues in This Case Because None of the IPR Petitions Have Been Instituted

Courts in this District have repeatedly recognized that "[t]he largest consideration bearing on" a motion to stay pending IPR "is that the PTAB has not yet decided whether to grant the petition." *Freeny v. Apple Inc.*, No. 2:13-CV-00361-WCB, 2014 WL 3611948, at *3 (E.D. Tex., July 22, 2014); *see also Trover Group*, 2015 WL 1069179, at *4 (same). This is because the "likelihood [of simplification] is far more speculative before the PTAB decides whether to institute *inter partes* review." *NFC Technology LLC v. HTC America, Inc.*, No. 2:13-CV-1058-WCB, 2015 WL 1069111, at *4 (E.D. Tex., March 11, 2015).

Samsung's mere filing of its IPR petitions is not sufficient to justify a stay. It is "the universal practice" in this District to deny a motion to stay pending IPR proceedings before the PTAB has decided to institute review. *Trover Group*, 2015 WL 1069179, at *6. The PTAB will first determine whether any of Samsung's petitions should be instituted in November 2021—just days before trial. Further, "[i]f the petition[s] [are] denied, the stay would not contribute at all to simplifying the issues before the [c]ourt," and would only result in delay and prejudice to G. Holdings. *Freeny*, 2014 WL 3611948, at *2.

3

In addition, Samsung's IPRs may be denied because their filing is in close proximity to trial and they nearly entirely overlap with Samsung's invalidity argument in this Court. In this regard, the PTAB, under its informative decision denying institution in *Fintiv*, has held that a district court's trial several months before the PTAB's final written decision deadline weighs in favor of denying institution. *Apple Inc., v. Fintiv, Inc.*, IPR2020-00019, Paper 15 (P.T.A.B. May 13, 2020) (informative); *NHK Spring Co., Ltd., v. Intri-Plex Technologies, Inc.*, IPR2018-00752, Paper 8, 20 (P.T.A.B. September 12, 2018) (precedential) (denying IPR based on proximity of district court trial six months after the institution decision date); *Next Caller Inc., v. TrustID, Inc.*, IPR2019-00961, Paper 10, 9-15 (P.T.A.B. October 16, 2019) (trial was scheduled for nine months after the institution decision date).

Under the circumstances where no IPR has been instituted and the trial date is within days of any potential institution decision, any simplification of the issues resulting from a stay is speculative at best.[1] Accordingly, the "'simplification' factor does not cut in favor of granting a stay prior to the time the PTAB decides whether to grant the petition for *inter partes* review." *Trover Group*, 2015 WL 1069179, at *4.

**B. Staying This Case Will Unduly Prejudice G. Holdings**

G. Holdings will be unduly prejudiced if a stay is entered because of its "interest in the timely enforcement of its patent rights." *Lennon Image Technologies, LLC., v. Macy's Retail Holdings, Inc.*, No. 2:13-CV-00235-JRG, 2014 WL 4652117, at *2 (E.D. Tex., Sept. 17, 2014)

---

[1] Samsung's reliance on *NFC Technology LLC v. HTC America, Inc.*, No. 2:13-CV-1058-WCB, 2015 WL 1069111 (E.D. Tex., March 11, 2015), *VirtualAgility Inc. v. Salesforce.com, Inc.*, 759 F.3d 1307 (Fed. Cir. 2014); *SSL Services, LLC v. Cisco Systems, Inc.*, No. 2:15-CV-433-JRG-RSP, 2016 WL 3523871 (E.D. Tex., June 28, 2016); and *Ericsson Inc. v. TCL Communication Technology Holdings, Ltd.*, No. 2:15-CV-11-RSP, 2016 WL 1162162 (E.D. Tex., March 23, 2016) to support its motion to stay is misleading and unpersuasive. *See* Mot. at 4-6. Each of these cases involved a motion to stay analysis after the PTAB decided to institute at least on IPR petition.

("[T]he plaintiffs' claim of prejudice is entitled to consideration, as is the general right of patent owners to timely enforcement of their patent rights."); *3rd Eye Surveillance, LLC v. Stealth Monitoring, Inc.*, No. 6:14-CV-162-JDL, 2015 WL 179000, at *2 (E.D. Tex., Jan. 14, 2015) ("[Plaintiff] has a well-established interest in the timely enforcement of its patent rights."). The authority relied upon by Samsung acknowledges as much. *See NFC Technology LLC v. HTC America, Inc.*, No. 2:13-CV-1058-WCB, 2015 WL 1069111, at *2 (E.D. Tex., March 11, 2015) (any "delay in the vindication of patent rights" is "entitled to weight").

A stay would be prejudicial to G. Holdings. Samsung has litigated this case through seven months and acknowledged in its Answer to Plaintiff's Amended Complaint that it has been aware of the Plaintiff and its Asserted Patents since "in or around March 2019." *See* Dkt. No. 47 at ¶ 18. G. Holdings has already invested significant resources into this case during this period and is preparing for the scheduled November 15, 2021 trial. To date, G. Holdings has performed source code review, worked with technical and damages experts, completed claim construction briefing, served infringement contentions, and reviewed documents in preparation for upcoming depositions of Samsung and its witnesses. *See Realtime Data, LLC v. Rackspace US, Inc.*, No. 6:16-CV-00961, 2017 WL 3149142, at *2 (E.D. Tex., July 25, 2017) ("This case has continued to progress forward and the parties have continued to expend significant resources in litigating various disputes.").

Samsung seeks a stay "pending the conclusion of *inter partes* review of the asserted patents and the exhaustion of all appeals." Mot. at 6. But a decision on whether to even institute the IPRs will not occur until November 2021, which is just days before jury selection is scheduled to begin in this case. Even assuming the PTAB institutes the petitions, a decision will not be rendered until the end of 2022. And that time does not account for the possibility that the review period may be

5

extended for up to an additional six months, 35 U.S.C. § 316(a)(11), or account for any appeal of any PTAB decision, 35 U.S.C. § 141. The prospect of a several year stay of this case significantly prejudices G. Holdings. Thus, Samsung's assertion that G. Holdings will not be prejudiced because it "does not sell or offer for sale any products practicing the asserted patents or otherwise compete with Samsung" is wrong.[2] Mot. at 4; *see Solas OLED Ltd. v. Samsung Display Co., Ltd.*, No. 2:19-CV-00152-JRG, 2020 WL 4040716, at *2 (E.D. Tex., July 17, 2020) ("The Court is not persuaded by Samsung's argument that because Solas' is not a competitor of Samsung, a delay to this litigation will result in no prejudice to Solas.").

    The risk of losing evidence during the pendency of the IPRs, which could be years, further adds to G. Holdings' prejudice and weighs against a stay. *See Allure Energy, Inc. v. Nest Labs, Inc.*, No. 9-13-CV-102, 2015 WL 11110606, at *1 (E.D. Tex., April 2, 2015). As some of the accused products were released several years ago, evidence will become stale, witnesses may become unavailable, and/or witnesses' memories will fade during any stay of this case. *See*, *e.g.*, *Ambato Media, LLC v. Clarion Co.*, Ltd., No. 2:09-CV-242-JRG, 2012 WL 194172, at *1 (E.D. Tex., Jan. 23, 2012) ("[G]ranting a stay would also prejudice [plaintiff] because, when a case is stayed, 'witnesses may become unavailable, their memories may fa[d]e, and evidence may be lost while [the] PTO proceedings take place.'") (internal citation omitted). This risk disproportionately affects G. Holdings because Samsung's invalidity claims are based largely on prior art references, which do not change. Additionally, Samsung's employee witnesses—particularly the witnesses

---

[2] G. Holdings' disagree with Samsung's assertion that G. Holdings "does not have a reputation or known brand in this market to protect." Mot. at 4. G. Holdings has won several awards in Canada for its e-wallet Moneycell product. Dkt. No. 1 at ¶ 20. Additionally, G. Holdings' subsidiaries offer e-wallet related products internationally.

with knowledge regarding G. Holdings' willful infringement allegation—may no longer be available to testify in the event that they change employment.

Accordingly, the undue prejudice to G. Holdings outweighs any purported benefit resulting from a stay.

### C.  The Stage of the Litigation Weighs Against a Stay

This case is far from its infancy.  The claims in this case have been pending for seven months.  A scheduling conference has already taken place.  G. Holdings served its infringement contentions and Samsung served its invalidity contentions.  The deadline for the substantial completion of document productions has already passed.  The parties have engaged in extensive discovery, including document productions, third-party discovery, source code inspection, and written discovery.  The Court has entered several orders, including a Docket Control Order, Discovery Order, ESI Discovery Order, and Protective Order.  Dkt. Nos. 29, 34, 38, and 52.

The parties have also completed claim construction briefing and a *Markman* hearing is scheduled for June 10, 2021.  Because "the [p]arties have already invested substantial effort and resources during discovery and in preparing claim construction briefing. . . [t]hese circumstances weigh against staying this case." *Intellectual Ventures II LLC v. FedEx Corporation,* No. 2:16-CV-00980-JRG, 2017 WL 4812434, at *2 (E.D. Tex., October 24, 2017); *see also Invensys Systems, Inc.*, No. 6:12-CV-00799, 2014 WL 4477393, at *3 (E.D. Tex., July 25, 2014) (finding factor weighed against stay where "the deadline for substantial discovery had expired, a trial date was set, and both parties had exchanged their preliminary claim constructions and intrinsic and extrinsic evidence in compliance with P.R. 4.2 for the upcoming Markman hearing"); *Freeny*, 2014 WL 3611948, at *2 ("[T]he parties ha[ve] conducted substantial discovery and briefing on

7

claim construction [is] underway. Trial is set for April 2015. Thus, much of the expense of discovery and preparation for claim construction has already been incurred.").

Further, the Court should deny Samsung's motion because Samsung has been on notice of the Asserted Patents and its potential infringement since "in or around March 2019" and waited until April 20, 2021 to file IPR petitions. *See* Dkt. No. 47 at ¶ 18. Samsung should not be rewarded for its delay at the expense of advancing these proceedings.

### D.  Samsung's Alternative Relief Should Be Rejected

The Court should deny Samsung's request for alternative relief in the form of expedited briefing should the PTAB institute its IPRs. Ironically, such denial is not new to Samsung, who made a similar request before this Court in *Clear Imaging Research, LLC v. Samsung Electronics Co., Ltd. et. al,* No. 2:19-CV-00326-JRG, at Dkt. 127 (E.D. Tex., Dec. 21, 2020). This Court rejected Samsung's alternative requested relief and noted that "Samsung's requested relief of expedited briefing on a hypothetical series of motions is premature" and that "Samsung remains free to re-urge its request should the PTAB issue a decision on institution or a final determination as to the validity of the asserted claims." *Id.* at n.3. Accordingly, the Court should again deny Samsung's alternative request as premature.

### V.  CONCLUSION

For the reasons stated above, the Court should deny Samsung's motion to stay.

Dated:  May 26, 2021

Respectfully submitted,

By: */s/ Edward R. Nelson III*
Edward R. Nelson III
ed@nbafirm.com
Brent N. Bumgardner
brent@nbafirm.com
Christopher G. Granaghan

8

chris@nbafirm.com
Hill Brakefield
hill@nbafirm.com
**NELSON BUMGARDNER ALBRITTON PC**
3131 West 7th Street, Suite 300
Fort Worth, Texas 76107
T: (817) 377-9111
F: (817) 377-3485

Rodney R. Miller
Texas Bar No. 24070280
Admitted in this District
rmiller@hallboothsmith.com
Gaylon Hollis
Georgia Bar No. 653106
(*Admitted Pro Hac Vice*)
ghollis@hallboothsmith.com
**HALL BOOTH SMITH, P.C.**
191 Peachtree Street NE, Suite 2900
Atlanta, GA 30303
T:  404.586.6601
F:  404.954.5020

Daniel C. Miller
New York Bar No. 4232773
(*Admitted Pro Hac Vice*)
dmiller@hallboothsmith.com
**HALL BOOTH SMITH, P.C.**
366 Madison Ave, Fifth Floor
New York, NY 10017
T:  917.805.2460

Karl Braun
Tennessee Bar No. 022371
(*Admitted Pro Hac Vice*)
kbraun@hallboothsmith.com
**HALL BOOTH SMITH, P.C.**
424 Church, Suite 2950
Nashville, TN 37219
T:  615.313.9911
*Counsel for Plaintiff G. Holdings Ltd.*

**CERTIFICATE OF SERVICE**

    I hereby certify that a true and correct copy of the above and foregoing document has been served on all counsel of record via electronic mail on this 26th day of May, 2021.

                                             */s/ Edward R. Nelson III*
                                             Edward R. Nelson III